UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE
(PPA) PRODUCTS LIABILITY
LITIGATION,

————————————————————

This document relates to:

*Peace v. Bayer Corp.*, C04-2001

MDL NO. 1407

ORDER GRANTING DEFEN-
DANT'S MOTION FOR SUMMARY
JUDGMENT

This matter comes before the court on a motion for summary judgment filed by defendant Bayer Corporation. Having reviewed the parties' briefs and attachments thereto, the court finds and rules as follows.

I.   BACKGROUND

Plaintiff Richard Peace filed this case on July 28, 2004, and was subsequently transferred to this multidistrict proceeding. He alleges that he suffered injury following ingestion of a phenylpropanolamine-containing medication, Alka Seltzer Plus, manufactured by defendant. Approximately one year later, on August 12, 2005, plaintiff Peace and his wife filed for Chapter 7 bankruptcy. They were discharged from bankruptcy on December 8, 2005.

Peace did not list this case as an asset in his bankruptcy

ORDER
Page – 1 –

petition, did not list the claims as exempt property, and af-
firmed to the bankruptcy court under penalty of perjury that he
was not a party to any lawsuit. He also did not notify his
attorney in this matter that he had filed for bankruptcy, and
defendant was therefore also unaware of the proceedings. Peace's
bankruptcy came to light in or around January 2006, on defen-
dants' counsel's investigation following a passing mention of
bankruptcy by one of Peace's doctors.

On March 23, 2006, the Peaces moved the bankruptcy court to
reopen the proceedings, asserting that "through inadvertence and
poor advice from their prior bankruptcy counsel, an asset was
omitted from Schedule B of their joint bankruptcy petition. The
debtors move to re-open the case so that the Trustee may adminis-
ter this asset." Emergency Motion to Re-Open Bankruptcy Case,
Exh. 22 to Hanson Decl. Soon thereafter the bankruptcy court
granted that motion.

Defendant filed this motion on April 12, 2006, arguing that
with the filing of bankruptcy, Peace lost standing to pursue his
claims, which must therefore be summarily dismissed.

II. DISCUSSION

A. Whether a Stay Applies to This Case

A threshold question is whether the re-opening of the
Peaces' bankruptcy proceedings triggers a stay that would extend
to the instant case. Plaintiff's bankruptcy counsel has filed a
"Plea in Abatement" in this case, asserting, without authority,
that it "acts as an automatic stay on all actions in all courts

1  and jurisdictions involving the debtor and his property." Exh. 22
2  to Hanson Decl.

3      Defendant argues that 11 U.S.C. §362(a) effects a stay on
4  legal and administrative proceedings upon *initial filing* of
5  bankruptcy, but that the bankruptcy statute does not authorize a
6  stay upon a *re-opening* of the bankruptcy proceedings. Moreover,
7  the statute provides for a stay of lawsuits against – not brought
8  on behalf of – the debtor. Notwithstanding the assertion in
9  plaintiff's Plea in Abatement, defendant concludes, no stay
10 prevents the court from ruling in this case. Plaintiff's response
11 to the motion is silent on the stay question.

12     The court finds that the re-opening of plaintiff's bank-
13 ruptcy proceedings does not prevent ruling on the instant motion.
14 11 U.S.C. §362 clearly provides that the automatic stay ends when
15 the bankruptcy case is closed, terminated or discharged. "More-
16 over, there is no statutory provision in which Congress has
17 authorized a Bankruptcy Court once it has terminated the auto-
18 matic stay pursuant to § 362(c)(2) to continue imposition of the
19 automatic stay." *In re Trevino,* 78 B.R. 29, 37 (Bkrtcy. M. D. Pa.
20 1987) (citation omitted). The weight of authority further sup-
21 ports the conclusion that re-opening of the bankruptcy proceed-
22 ings does not reinstate an automatic stay. *See, e.g., In re Menk,*
23 241 B.R. 896, 914 (9th Cir. BAP 1999) ("[T]o the extent that the
24 automatic stay expired in conjunction with closing, it does not
25 automatically spring back into effect. If protection is warranted
26 after a case is reopened, then an injunction would need to be

imposed."); *In re Diviney*, 225 B.R. 762, 770 (10th Cir. BAP 1998); *In re Burke*, 198 B.R. 412, 416 (S.D. Ga. Bankr. 1996); *In re Gruetzmacher,* 145 B.R. 270 (Bankr. W.D. Wis. 1991). Plaintiff has submitted, and the court was unable to identify, authority to the contrary.

   B. <u>Whether the Motion for Summary Judgment Is Ripe</u>

      Plaintiff initially argues that defendant's motion is not "ripe" for consideration. Peace argues that his bankruptcy proceedings have been re-opened, placing these claims back into the process of administration. It has yet to be determined, plaintiff submits, whether the estate administrator will choose to pursue these claims or abandon them to the debtor.

      The court finds that plaintiff's ripeness argument is misplaced. First of all, the principle of ripeness was designed to prevent courts from becoming entangled in hypothetical, rather than actual, disputes; Bayer's motion is based on the facts as they actually exist. It is plaintiff who is asking the court to entertain a hypothetical.

      To the extent plaintiff is arguing that Bayer's motion is premature, he is similarly misguided. Standing is an element that must exist during the entire length of a lawsuit. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Plaintiff has submitted no authority for the novel notion that a court is obliged (or even authorized) to give a party a chance to re-establish standing where it has been lost. The motion is ripe for consideration.

   C.   <u>Whether Plaintiff Has Standing to Pursue His Claims</u>

ORDER
Page – 4 –

<u>and, if not, Whether He Should Be Given a Chance to
Substitute</u>

As an initial matter, the court notes that in their briefing
the parties did not make a clear distinction between constitu-
tional standing and prudential standing.[1] The principle of con-
stitutional standing requires a plaintiff to "have suffered an
injury in fact that is fairly traceable to [defendant] and that a
favorable court decision could likely redress." *Dunmore v. United
States*, 358 F.3d 1107, 1111-12 (9th Cir. 2004), citing *Lujan v.
Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiff
Peace does possess constitutional standing to pursue these
claims; his injuries as alleged are traceable to defendant, and
would be redressed by a court decision in his favor. *See id.* at
1112.

Whether plaintiff possesses prudential standing in this case
as the "real party in interest," however, is another matter. *Id.*;
*See also Barger v. City of Cartersville, Ga.,* 348 F.3d 1289, 1292
(11th Cir. 2003)("It is undisputed that Barger's employment
discrimination claims satisfy all of these [constitutional
standing] requirements. The issue is really about who can liti-
gate the claim, Barger or the [bankruptcy] Trustee."). Defendant
here contends that plaintiff lost standing (which the court will
interpret to mean *prudential* standing) to pursue his claims when

---

[1]The confusion is apparently not uncommon. See *Tate v. Snap-
On Tools Corp.*, 1997 WL 106275, *4 (N.D. Ill.)("The distinction
between standing to sue and the real party in interest doctrine
is, understandably, often blurred by judges and lawyers.").

ORDER
Page - 5 -

1   he filed for bankruptcy. At that time, defendant submits, the

2   claims became the property of the bankruptcy estate. Plaintiff

3   does not – and cannot – dispute this conclusion. *See* 11 U.S.C.

4   §541(a)(1).

5       Plaintiff argues, however, that he should be given a "rea-

6   sonable time" to substitute the trustee, as the real party in

7   interest, to pursue his claims. Federal Rule 17(a) provides

8          No action shall be dismissed on the ground that it is
    not prosecuted in the name of the real party in inter-
9   est until a reasonable time has been allowed after
    objection for ratification of commencement of the
10  action by, or joinder or substitution of, the real
    party in interest; and such ratification, joinder, or
11  substitution shall have the same effect as if the
    action had been commenced in the name of the real party
12  in interest.

13      Defendant responds that plaintiff cannot avail himself of

14  Fed. R. Civ. P. 17(a) in this case. According to defendant,

15  plaintiff "fundamentally misunderstands the difference between a

16  procedural rule and a constitutional requirement." Def. Rep. at

17  5. Defendant argues that Federal Rule 17(a) cannot convey subject

18  matter jurisdiction where it is lacking. *Id.*

19      This may certainly be true. It is defendant, however, that

20  incorrectly interprets the function of Rule 17(a) and its rela-

21  tionship to constitutional, as opposed to prudential, standing.

22  Where the former is lacking, defendant is correct; the rule is

23  inapplicable. Where constitutional standing exists, however,

24  courts have consistently recognized that Federal Rule 17(a),

25  under certain circumstances, authorizes plaintiff lacking pruden-

26  tial standing to substitute the real party in interest. *See,*

ORDER
Page – 6 –

1    *e.g., Dunmore v. United States*, 358 F.3d 1107, 1112; *Tate v.*

2    *Snap-On Tools Corp.*, 1997 WL 106275 (1997 N.D. Ill. 1997). As

3    discussed above, Peace does possess the "irreducible constitu-

4    tional minimum of standing." *Dunmore* at 1112. As also discussed

5    above, he does not have prudential standing; that he lost when he

6    filed for bankruptcy.

7         The question becomes, then, whether plaintiff meets the

8    standard set forth in Fed. R. Civ. P. 17(a). The plain language

9    of the rule is broad, but courts have imputed some limitation on

10   its application. In particular, a plaintiff must show that his

11   "decision to sue in his own name was an 'understandable mis-

12   take.'" *Dunmore* at 1112. Here, of course, plaintiff's mistake was

13   not that he sued in his own name – at the time the complaint was

14   filed, he *was* the real party in interest – but that he failed to

15   properly schedule his claims on his bankruptcy petition, and

16   failed to read the petition before signing and swearing to its

17   accuracy under penalty of perjury. In his motion to reopen filed

18   in the bankruptcy court, plaintiff claimed that due to his

19   stroke, he suffers from a "cognitive impairment" rendering him

20   unable to "remember basic components of this suit." Hanson Decl.,

21   Exh. 22. This argument does not explain how Mr. Peace's presum-

22   ably healthy wife also failed to fulfill her legal responsibility

23   of verifying the accuracy of the statement she was signing, or

24   how Mr. Peace is of mind and body sound enough to pursue a

25   lawsuit and file for bankruptcy but otherwise not healthy enough

26   to be held accountable for his actions. The court finds that

given the inadequacy, if not implausibility, of the attempted
excuse, not to mention the complete absence of evidence submitted
thereon, failure to read a document before swearing to its
veracity "on penalty of perjury" is simply not an "understand-
able" mistake.

Moreover, according to the rule, a plaintiff may escape
dismissal only if he seeks ratification or substitution within a
"reasonable time" after a party's objection. Here, over six
months have passed since defendant's counsel first brought the
impropriety of plaintiff's maintenance of the suit to plaintiff's
attention. In addition, nearly a year has passed since plaintiff
filed his bankruptcy petition, and over three months have passed
since the bankruptcy court reopened proceedings in the matter,
with no indication whether the trustee intends to pursue or
abandon Peace's claims, or even when such decision can be ex-
pected. Neither the trustee nor plaintiff has sought substitu-
tion.

The court concludes that plaintiff cannot avail himself of
the protections of Fed. R. Civ. P. 17(a), both because his
mistake in pursuing this case in his own name was not "under-
standable," and because he has been afforded far more than
"reasonable" time to seek substitution of the real party in
interest, but has failed to do so. Defendant's motion for summary
judgment is therefore granted.

D. <u>Whether the Trustee Should Be Given an Opportunity to Be
Heard</u>

ORDER
Page - 8 -

1       The court has concluded that this matter is not stayed, that
2   the issue of summary judgment is ripe, and that plaintiff lacks
3   standing to pursue his claims. The court is also concerned,
4   however, that dismissal of this case without a limited amount of
5   time for the bankruptcy trustee to be heard would potentially
6   deprive plaintiff's creditors of a putative asset, through no
7   fault of their own. Given the bankruptcy court's decision to
8   reopen plaintiff's proceedings, this concern is more than hypo-
9   thetical or speculative. Therefore, the court hereby extends the
10  time allowed under Fed. R. Civ. P. 59(e) for the trustee (and
11  only the trustee) to make an appearance and move, if he or she
12  determines it appropriate, to alter or amend the judgment ren-
13  dered in this case. The trustee shall have 60 days from the date
14  of entry of this order to do so. Failure to do so within that
15  time shall be construed as a waiver.

16      E. <u>Plaintiff's Counsel's Motion to Withdraw</u>

17      Plaintiff's counsel has also filed a motion to withdraw. The
18  court finds that counsel's sealed motion fails to demonstrate
19  good cause therefor. Moreover, the instant order dismisses this
20  matter, and unless the bankruptcy trustee moves for an alteration
21  of judgment, the case is now concluded. Any burden placed on
22  plaintiff's counsel by the court's denial of their motion to
23  withdraw is potentially very minimal. Therefore, the motion to
24  withdraw is hereby DENIED.

25      III. CONCLUSION

26      For the foregoing reasons defendant's motion for summary

ORDER

judgment is GRANTED. This case is DISMISSED without prejudice.
Plaintiff's counsel's motion to withdraw is DENIED.

The court directs the clerk to send a copy of this order to plaintiff Peace's bankruptcy counsel as indicated in the "Plea in Abatement" filed in this case on March 27, 2006. The trustee in Peace's bankruptcy proceedings shall have 60 days from the date of entry of this order to move for an amendment or alteration of judgment.

DATED at Seattle, Washington this 28th day of July, 2006.

_Barbara J Rothstein_

UNITED STATES DISTRICT JUDGE

ORDER
Page – 10 –